**STATE of Maine**

v.

**Wilmer ELLIOTT, Jr.**

Supreme Judicial Court of Maine.

Argued March 8, 1983.

Decided June 7, 1983.

Janet T. Mills, Dist. Atty., Daniel W. Boutin, Asst. Dist. Atty. (orally), South Paris, for plaintiff.

Craig E. Turner (orally), South Paris, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, CARTER and WATHEN, JJ., and DUFRESNE, A.R.J.

MEMORANDUM OF DECISION

After a jury trial in the Superior Court (Oxford County), the defendant, Wilmer Elliott, Jr., was found guilty of theft by unauthorized taking or transfer (17–A M.R.S.A. § 353 (1983)). On appeal, he contends that: 1) the items allegedly stolen by him were seized in violation of his constitutional rights, pursuant to a warrantless search of his automobile, and therefore the suppression justice erred in denying his motion to suppress the evidence seized; and 2) the court erred in instructing the jury on the doctrine of recent possession (17–A M.R.S.A. § 361(2) (1983)). We deny the appeal and affirm the judgment of conviction.

I.

The order of the Superior Court denying suppression is AFFIRMED by an evenly divided Court.

II.

The defendant argues that because there was "absolutely no indication of when the property in question was stolen," the court's instruction with regard to "recent possession" was in error. We find that there was sufficient evidence, albeit circumstantial, from which a reasonable jury could have found that the items in question were recently stolen and therefore the instruction was proper. The word "recently" is not a word of absolute meaning. *State v. Sapiel,* 432 A.2d 1262, 1269 (Me.1981). The specific period of time necessary to trigger application of the doctrine of recent possession "is a question consist-

ently left to the determination of the fact-finder." *Id.* at 1269 n. 8.[1]

The entry must be:

Judgment affirmed.

All concurring.

---

1. In his instructions, the trial justice did not define "recently" in the context of the permissible inference which may arise from evidence of recent and exclusive possession. Although we have noted that common usage indicates that "recently" is essentially a relative term, *see* *State v. Johnson*, 434 A.2d 532, 539 (Me.1981), more specific clarification would provide the jury with additional guidance in considering the issue, and is to be encouraged. *See, e.g., State v. James*, 312 A.2d 531, 533 (Me.1973); *State v. Gove*, 289 A.2d 679, 682 (Me.1972).